GREGORY V. MERSOL, Ohio Bar No. 0030838
Email: gmersol@bakerlaw.com
JEFFREY T. WILLIAMS, Ohio Bar No. 0040963
Email: jwilliams@bakerlaw.com
(Admitted *Pro Hac Vice*)
BAKER & HOSTETLER LLP
3200 National City Center
1900 E. 9th Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

MARGARET ROSENTHAL, Bar No. 147501
Email: mrosenthal@bakerlaw.com
SABRINA L. SHADI, Bar No. 205405
Email: sshadi@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for DEFENDANT ROADWAY EXPRESS, INC. (N/K/A YRC INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ERIC MOORE, DIEGO BARBA, LAMAR JOHNSON AND CARLOS GUTIERREZ, individually, and on behalf of all other similarly situated current and former employees of Roadway Express, Inc., et al.,<br><br>Plaintiffs,<br><br>vs. | CASE NO: CV 09-1588 SGL (OPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Hon. Oswald Parada, Courtroom 3; DISCOVERY MATTER]<br><br>Date Removed: March 8, 2009<br>Action Filed: January 30, 2009<br>Consol. Action Filed: Dec. 5, 2008<br>Trial Date: None |

1  ROADWAY EXPRESS, INC. (N/K/A
2  YRC INC.), and DOES 1-25, et al.,
3
4                 Defendants.

5              STIPULATED PROTECTIVE ORDER

6       Upon stipulation and agreement between all parties to this action, the Court

7  hereby enters the following Stipulated Protective Order:

8       1) Within ten days of the draft of this Order, defendants shall produce a

9  listing to plaintiffs' counsel of the names, last known addresses and telephone

10 numbers of the putative class members (defendants' dock supervisors, and

11 those other employees performing the functions of dock supervisors in the job

12 title of service coordinators) employed in the State of California since

13 December 5, 2004, subject to the provisions of this Order. Any such

14 information shall be kept confidential by plaintiffs and their counsel, and not

15 be disclosed except to their agents as needed in the course of investigating

16 and pursuing this litigation and be treated as CONFIDENTIAL pursuant to the

17 terms of this Order.

18      2) Whether produced as exhibits, responses to discovery requests or

19 otherwise, a party with a good faith belief that certain documents or

20 information are of a sensitive, private or proprietary nature may designate as

21 CONFIDENTIAL the following documents/information, whose use is

22 thereby restricted as set forth below:

    a.    information relating to the putative class members' contact information, and/or other personal information which is of a private nature. Scheduled and actual hours worked, job responsibilities, and other similar information is not considered confidential under the terms of this Order.

    b.    financial records and tax returns;

    c.    all documents constituting defendants' trade secrets, proprietary and/or confidential business information;

    d.    all employment policies/documents specific to defendants (e.g., not a basic EEO policy; and

    e.    subject to the limitations contained in subparagraph 2(a), any personal information regarding defendants' current and/or former employees including any information contained in any employee (current or former) files maintained by defendants, specifically including financial and personal identification data.

3)    A party seeking protection for a document under the terms of this Stipulated Protective Order shall specifically designate and mark the document as CONFIDENTIAL.

4)    Any information designated as CONFIDENTIAL per the terms of this Order shall not be disclosed to any person except as provided in paragraph (5) below, and may be disclosed only subject to the terms and conditions outlined in

this Stipulated Protective Order.

5) During any deposition, the parties may agree to designate any part of the deposition, including a document marked as an exhibit, as CONFIDENTIAL, if that part of the deposition contains a discussion of a CONFIDENTIAL document or a CONFIDENTIAL matter. Once so designated as CONFIDENTIAL, that part of the deposition or document also shall be subject to this Stipulated Protective Order.

6) If a CONFIDENTIAL part of a deposition, exhibit or any other CONFIDENTIAL matter is filed with the court by any party, it shall be filed under seal and labeled as CONFIDENTIAL. Any such filing shall comply with Local Rule 79-5.   op.

7) CONFIDENTIAL information may be disclosed only to: (a) counsel, including outside counsel, for the parties; (b) employees of counsel to whom the material is disclosed for legal, paralegal, clerical or ministerial purposes of the pending litigation between the parties; (c) experts or consultants (including their employees) retained by the parties for purposes of prosecuting and/or defending claims raised in the pending litigation between the parties; (d) persons interviewed by counsel for purposes of prosecuting and/or defending claims raised in the pending litigation between the parties, deponents, trial or hearing witnesses and court reporters; (e) the Court and its personnel; and (f) the parties.

8) Any party or party's agent who exposes CONFIDENTIAL material to any "authorized" person/entity listed in paragraph 7, other than the Court or Court personnel, agrees to take all reasonable measures to ensure the person/entity

exposed to such CONFIDENTIAL material agrees to: (a) keep said CONFIDENTIAL material confidential, (b) limit the use of said material to the specific purpose for which he/she/it was given access, and (c) return immediately said material after providing the service(s) or use(s) for which access to the CONFIDENTIAL material was granted.

9) The parties and their counsel agree that any information produced in this matter that is designated CONFIDENTIAL or otherwise, shall not be used or disclosed for any purpose other than the prosecution or defense of this matter.

10) The parties shall have the right to challenge the CONFIDENTIAL nature of any produced information or materials by seeking an order of the Court with respect to any such information, documents or things. During the pendency of such a motion, CONFIDENTIAL matters will be treated in accordance with the requirements of this Stipulated Protective Order. Upon a determination by the Court that a document or thing should not be treated as CONFIDENTIAL, it shall not be treated as subject to the confidentiality provisions of this Order. Otherwise, it shall be treated as if the terms of this Order apply.

10) Upon the termination of all litigation between the parties, each party, upon the request of the other party, shall return to the other party all CONFIDENTIAL information at the cost of the requesting party and all copies of excerpts from or summaries of such material which may have been made, but not including any notes or other attorney's work product or privileged communication

created by an attorney for the party returning the material. This paragraph does not require an attorney to remove and return CONFIDENTIAL information which is attached to file copies of memoranda, motions, affidavits and such other work product. This paragraph does not require a party to remove and return CONFIDENTIAL information which has been included in a client copy of any memorandum, motion, affidavit or other like document. This paragraph does not limit this Stipulated Protective Order.

11) After the final determination of all litigation between the parties, the restrictions on communication and disclosure provided for in this Stipulated Protective Order shall continue to be binding upon the parties and all other persons to whom documents, answers to interrogatories, depositions, transcripts, or other items of discovery designated as CONFIDENTIAL or information contained therein have been communicated or disclosed pursuant to the provisions of this Stipulated Protective Order or any other order of this Court.

12) Nothing in this Stipulated Protective Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege or work-product immunity.

13) A person's compliance with the terms of this Stipulated Protective Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, (c) admissible in evidence at trial, or (d) a trade secret.

14) Any person in possession of CONFIDENTIAL materials who receives a subpoena (or other process) from anyone who is not a party to this Stipulated Protective Order seeking production or other disclosure of such CONFIDENTIAL material shall promptly give telephonic notice and written notice by certified mail or facsimile to counsel for the party who produced and/or designated the materials as CONFIDENTIAL, identifying the materials sought and enclosing a copy of the subpoena or other process where possible at least ten business days before production or other disclosure shall be given. In no event shall production or other disclosure be made before the later of (1) the date on which notice is given or (2) the return date of the subpoena.

15) This Stipulated Protective Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

16) This Stipulated Protective Order shall apply to all parties to the litigation who are given access to documents and information produced by any source during the course of the litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17) This Stipulated Protective Order shall also apply to discovery directed to nonparties to this litigation, unless the non-party waives the protection of this Stipulated Protective Order.

THEREFORE, ON BEHALF OF THEMSELVES AND THEIR CLIENTS, THE UNDERSIGNED COUNSEL AGREE TO THIS STIPULATED PROTECTIVE ORDER AND THE PROVISIONS HEREIN.

Dated: November 12, 2009

_____
Robert M. Kitson
LITT, ESTUAR, HARRISON & KITSON, LLP
Attorney for Plaintiffs and the Proposed Plaintiff Class

Dated: November ___, 2009

_____
Gregory V. Mersol
BAKER & HOSTETLER LLP
Attorney for Defendant

## ORDER

**IT IS HERBY ORDERED** that, based upon the foregoing, the Stipulated Protective Order is hereby GRANTED.

Date: 11/23/09

_____
United States District Court Judge

17) This Stipulated Protective Order shall also apply to discovery directed to nonparties to this litigation, unless the non-party waives the protection of this Stipulated Protective Order.

THEREFORE, ON BEHALF OF THEMSELVES AND THEIR CLIENTS, THE UNDERSIGNED COUNSEL AGREE TO THIS STIPULATED PROTECTIVE ORDER AND THE PROVISIONS HEREIN.

Dated: November ___, 2009

_____
Robert M. Kitson
LITT, ESTUAR, HARRISON & KITSON, LLP
Attorney for Plaintiffs and the Proposed Plaintiff Class


Dated: November 12, 2009

_____
Gregory V. Mersol
BAKER & HOSTETLER LLP
Attorney for Defendant

## ORDER

**IT IS HERBY ORDERED** that, based upon the foregoing, the Stipulated Protective Order is hereby GRANTED.

Date: _____     _____
United States District Court Judge